IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAST CHANCE FUNDING, INC.<br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>BBF PARTNERS, LLC d/b/a SECOND CHANCE FUNDING, SOLOMON ROSENBERG, and/or JANE AND JOHN DOES 1-10, individually and as owner, officer director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of BBF PARTNERS, LLC d/b/a SECOND CHANCE FUNDING, and/or XYZ CORPORATIONS 1-50<br>　　　　　　　　　　　Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

　　　　Plaintiff Last Chance Funding, Inc. ("Last Chance" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against defendant BBF Partners, LLC d/b/a Second Chance Funding("Second Chance"), Solomon Rosenberg ("Rosenberg"), (Second Chance, and Rosenberg together collectively "Second Chance"), Jane and John Doe, and XYZ Corporation (together with Second Chance collectively "Defendants")  alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

　　　　1.　　This is an action for declaratory judgement, unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), unfair business practices under N.Y. GEN. BUS. LAW §349, injury to business reputation; unfair competition under N.Y. GEN. BUS. §360-L, and common law trademark infringement and unfair competition from

Defendant's deliberate and unconscionable actions in infringing on Plaintiff's trademark, by reproducing, infringing upon, and diluting Plaintiff's trademark, in a manner that infringed upon Plaintiff's trademark and made willful, unauthorized use of said mark in a calculated effort by Defendant to respectively enrich itself through unauthorized use of Plaintiff's intellectual property.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. Personal jurisdiction exists over Second Chance because upon information and belief Second Chance conduct business in New York and in this judicial district or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Second Chance does not offend traditional notions of fair play and due process.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because Second Chance conducts business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and has caused damage to Plaintiffs in this district.

## PARTIES

6. Plaintiff Last Chance Funding, Inc. is a New York corporation that transacts and engages in business and business relationships in the State of New York and has a principal place of business located at 411 Hempstead Turnpike, Suite 101, West Hempstead, New York 11552.

7. Upon information and belief, defendant BBF Partners, LLC d/b/a Second Chance Funding is a New York business entity that transacts and engages in business and business relationships in the State of New York and has a principal place of business located at 128 32nd Street, Brooklyn, New York 11232.

8. Upon information and belief, defendant Solomon Rosenberg is an individual that transacts and engages in business and business relationships through Second Chance Funding, with an address at 128 32nd Street, Brooklyn, New York 11232.

9. Defendants Jane and John Does 1-10 are fictitious individuals meant to represent the owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, and/or independent contractors of BBF PARTNERS, LLC d/b/a SECOND CHANCE FUNDING and/or WYZ CORPORATIONS 1-50 have been involved in the conduct that gives rise to this Complaint, but are unknown to Plaintiff, and as respective defendants are identified, Plaintiff shall amend or supplement the Complaint to include them.

10. XYZ Corporations 1-50 are fictitious corporations that represent other corporations involved in conduct that gave rise to this Complaint, but are unknown to Plaintiff, and as the defendants are identified, Plaintiff shall amend or supplement the Complaint to include them.

## FACTUAL BACKGROUND

## Last Chance Is the Owner of Common Law Rights to the LAST CHANCE FUNDING Mark

11. Last Chance is the sole creator of the LAST CHANCE FUNDING Mark ("LAST CHANCE FUNDING Mark" or "Plaintiff's Mark").

12. Last Chance conceived the LAST CHANCE FUNDING Mark in early 2011, and has been continuously using it since February 2011 in connection with its services.

13. Last Chance adopted the LAST CHANCE FUNDING Mark to promote its Merchant Cash Advance ("MCA") business – providing a merchant with an advance based on the volume of cash that flows through a company's merchant cash account.

14. Last Chance is among pioneers in the industry and has an outstanding reputation within the MCA community.

15. The MCA business becomes more and more popular among small businesses that might otherwise be foreclosed from traditional sources of capital as a means of expanding and supporting their businesses.

16. Last Chance promotes its services nationally via its websites ("Last Chance Website") at the domain names thelcfgroup.com and lastchancefunding.com.

17. In March 2012, Last Chance opened a branded Facebook account.

18. In February 2011, Last Chance made the first sale of its services.

19. From 2011 to date, the traffic on the Last Chance Website grew exponentially.

20. By mid-2018 Last Chance had funded thousands of merchants throughout the United States and has funded MCA transactions with approximately 200 Independent Sales Organizations ("ISO"s).

25.     Last Chance incorporated in New York in 2011.

26.     The LAST CHANCE FUNDING Mark has been advertised and promoted and otherwise used in commerce throughout the United States, including this District, since at least as early as September 2011.

27.     Last Chance has become widely known as a prime source of MCA funding and advisory services.

28.     Last Chance's success is due to Last Chance's versed knowledge within the MCA arena.

29.     Last Chance has continuously used the LAST CHANCE FUNDING Mark in commerce for over 7 years.

30.     As a result of its widespread, continuous and exclusive use of the LAST CHANCE FUNDING Mark to identify MCA services and Last Chance as their source, Last Chance owns valid and subsisting common law rights to the LAST CHANCE FUNDING Mark.

31.     The LAST CHANCE FUNDING Mark is an inherently distinctive mark. LAST CHANCE is especially distinctive from mentions in national trade publications, including Debanked.com.

32.     The LAST CHANCE FUNDING Mark is well-known in the MCA industry.

33.     Last Chance has invested substantial time, money and resources in marketing, advertising and promoting MCA services offered under the LAST CHANCE FUNDING Mark, which over the last 7 years have established enormous goodwill and are invaluable asset to Last Chance.

35.     Last Chance promotes its MCA services through its continuous involvement with industry trade groups and associated political activities, which is a common practice among

MCA players. As a result of Last Chance's expenditures and efforts, the LAST CHANCE FUNDING Mark has come to signify the high quality of the Last Chance services, and has acquired incalculable distinction, a valuable reputation, and goodwill among the public as a result of such associations.

### Second Chance's Wrongful and Infringing Activities

36. Upon information and belief, Second Chance's stated purpose is to market and/or fund merchant cash advance transactions, which it offers under the name SECOND CHANCE FUNDING ("SECOND CHANCE FUNDING Mark", or "Infringing Mark").

37. Defendants have never received or been provided with a license, assignment, or any other permission, express or implied, to use any of Plaintiff's Mark.

38. Second Chance advertises, promotes and offers its services via its website at secondchancefunding.com ("Infringing Website").

39. Upon information and belief, Defendant's SECOND CHANCE FUNDING Mark is used connection with merchant cash advance transactions services. As such, Second Chance's goods and services under the SECOND CHANCE FUNDING Mark are identical to or substantially similar to and competitive with Last Chance's MCA services offered under the LAST CHANCE FUNDING Mark.

40. Upon information and belief, Last Chance's services provided under the LAST CHANCE FUNDING Mark and Second Chance's services provided under the SECOND CHANCE FUNDING Mark travel in the same channels of trade.

41. The SECOND CHANCE FUNDING Mark used by Second Chance is confusingly similar to Plaintiff's Mark. In addition, both the Infringing Mark and Plaintiff's Mark incorporate the identical generic term "funding" within the marks. "Second Chance" and "Last

Chance" evoke similar or identical connotations and commercial impression and may be used interchangeably. Most customers may likely get confused between the two marks.

42. In fact, there was at least one instance of a confusion by a merchant and several instances by ISOs being confused between Second Chance and Last Chance.

43. The MCA industry largely operates via ISO's and their confusion has resulted in "deals" being sent to Second Chance *in lieu* of Last Chance.

44. The ISO brokerage model is similar to any brokerage schema common to the financial services industry. Such schema generally finds ISOs cultivating accounts and submitting said accounts for funding to one or more MCA funders. Upon consummation of an MCA funding, commissions are earned by the ISO.

45. The MCA companies depend heavily on their presence at the industry specific message boards such as, dailyfunder.com. An ISO who thinks that Second Chance is affiliated to Last Chance may submit deals intended for Last Chance to Second Chance.

46. On or about July 1, 2018, Last Chance became aware of Second Chance's use of the SECOND CHANCE FUNDING Mark in conjunction with its services.

47. On or about July 12, 2018, Last Chance contacted Second chance via telephone and followed by electronic mail and requested that Second Chance immediately cease and desist from any usage of the SECOND CHANCE FUNDING Mark, and alike, cease any activities that may indicate or be construed to indicate that Second Chance's services are the same as or associated with Last Chance's services, and that Second Chance take all necessary commercially reasonable steps to destroy or dispose of any materials that use or include the SECOND CHANCE FUNDING Mark which are in the control or oversite of Second Chance, including the Infringing Website. A copy of this letter is attached hereto as **Exhibit A**.

48. Last Chance has followed up with Second Chance by electronic mail numerous times since July 12, 2018, to give another chance for a resolution.

49. In fact, on July 19, 2018, Second Chance said it will work with Last Chance to resolve this dispute and would change its name, but then unexpectedly changed its position.

50. On information and belief, as of the date of this Complaint, the SECOND CHANCE FUNDING Mark is still in use by Defendant.

51. Second Chance's actions as alleged in connection with its use of the SECOND CHANCE FUNDING Mark in connection with its services is intended to, and is likely to cause confusion, mistake or deception as to the source of origin of Last Chance's services in that the public, the trade, and others are likely to believe that Second Chance's services are the same as Last Chance's services, or are authorized, sponsored, or approved by Last Chance, or are otherwise affiliated or connected with Last Chance and/or Plaintiff's Marks.

52. Second Chance's acts are causing damage, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

## As and for A First Cause of Action By Plaintiff Against Second Chance

### (Federal Unfair Competition and False Designation of Origin)

53. Plaintiff repeats and realleges all prior allegations, as if fully set forth herein.

54. Second Chance's unauthorized use in commerce of the SECOND CHANCE FUNDING Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

55. Second Chance's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Second Chance with Plaintiff.

56. Second Chance's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation with Plaintiff.

57. Long prior to any use of the SECOND CHANCE FUNDING Mark by Second Chance, Last Chance commenced using the LAST CHANCE FUNDING Mark as a trademark for, *inter alia*, MCA services.

58. Last Chance has dedicated time, money and effort in advertising, promoting and popularizing its LAST CHANCE FUNDING Mark and in preserving the good will associated therewith.

59. Alternatively, or in addition, as the results of Last Chance's aforementioned dedicated time, money and effort, LAST CHANCE FUNDING Mark has come to be recognized as a source for MCA services.

60. Second Chance's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Second Chance's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to their goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

62. Plaintiff is entitled to judgment against Second Chance on the First Cause of Action granting among other relief, injunctive relief and an award of actual damages, Second Chance's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action

under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## As and for A Second Cause of Action By Plaintiff Against Second Chance

### (Federal Trademark Dilution)

63. Plaintiff repeats and realleges all prior allegations, as if fully set forth herein.

64. Last Chance's LAST CHANCE FUNDING Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

65. Last Chance's LAST CHANCE FUNDING Mark became distinctive and famous prior to Second Chance's acts as alleged herein.

66. Second Chance's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Last Chance's LAST CHANCE FUNDING Mark.

67. Second Chance's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Last Chance's LAST CHANCE FUNDING Mark by undermining and damaging the valuable goodwill associated therewith.

68. Second Chance's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

69. Plaintiff is entitled to judgment against Second Chance on the Second Cause of Action granting among other relief, an award of actual damages, Second Chance's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### As and for A Third Cause of Action By Plaintiff Against Second Chance

**(Trademark Infringement under N.Y. GEN. BUS. Law §360, *et seq.*)**

70. Plaintiff repeats and realleges all prior allegations, as if fully set forth herein.

71. Second Chance's use of the LAST CHANCE FUNDING Mark as described herein constitutes trademark infringement under New York common and statutory law N.Y. Gen. Bus. Law. §§360-k and 360-o.

72. Upon information and belief, Second Chance's acts were done with knowledge of its violations of law and were done in bad faith and under circumstances where treble damages and attorneys' fees should be awarded to Plaintiff.

73. Plaintiff is entitled to judgment against Second Chance on the Third Cause of Action granting among other relief, injunctive relief and an award of actual damages, Second Chance's profits, enhanced damages and profits, treble damages, reasonable attorneys' fees, and any other remedy provided under N.Y. Gen. Bus. Law §360-m and costs of the action together with prejudgment and post-judgment interest.

### As and for A Fourth Cause of Action By Plaintiff Against Second Chance

**(Unfair Business Practices under N.Y. GEN. BUS. Law §349)**

74. Plaintiff repeats and realleges all prior allegations, as if fully set forth herein.

75. Second Chance's use of the LAST CHANCE FUNDING Mark to promote, market, or sell products and services, including on the Infringing Website, constitutes a deceptive act or practice in the conduct of Second Chance's business, trade, or commerce, and in the furnishing of services to customers and therefore a violation of N.Y. Gen. Bus. Law. §349 *et seq*.

76. Second Chance, through its content and conduct, is causing a likelihood of confusion as to the source, sponsorship, affiliation, connection, association or approval of Second Chance by or with Plaintiff.

77. Plaintiff has been damaged by Second Chance's acts complained of in an amount to be determined at trial, and if Second Chance's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

78. Second Chance's materially misleading practice of using the SECOND CHANCE FUNDING Mark to identify goods and services provided by Second Chance is likely to cause the consuming public at large to be misled as to the true source, sponsorship, or affiliation of the goods and services offered by Second Chance and is likely to cause confusion or mistake or to deceive.

79. Plaintiff is entitled to judgment against Second Chance on the Fourth Cause of Action granting monetary damages in an amount to be proven at trial and injunctive relief prohibiting Second Chance from using the SECOND CHANCE FUNDING Mark or any other trade name, trademark, service mark or domain name that is identical to the SECOND CHANCE FUNDING Mark, a mark likely to be confused with the LAST CHANCE FUNDING Mark or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with the LAST CHANCE FUNDING Mark. No amount of money damages can adequately compensate Plaintiffs if they suffer damage to their reputation and associated goodwill through the false and unauthorized use by Second Chance of the SECOND CHANCE FUNDING Mark.

### As and for A Fifth Cause of Action By Plaintiff Against Second Chance

### (Injury To Business Reputation And Unfair Competition Under N.Y. GEN. BUS. §360-L)

80. Plaintiff repeats and realleges all prior allegations, as if fully set forth herein.

81. By making unauthorized use in commerce of the LAST CHANCE FUNDING Mark in connection with similar or identical goods and services, Second Chance's unauthorized use of the SECOND CHANCE FUNDING Mark to identify Second Chance's services is likely to cause confusion, mistake, or deception as to the affiliation or connection of Second Chance with Plaintiff and as to the sponsorship or approval of Second Chance's goods or services by Plaintiff.

82. Second Chance's distributing, marketing, advertising, offering for sale and selling of its goods and services under the SECOND CHANCE FUNDING Mark causes confusion and mistake, deceives and misleads the purchasing public, trades upon Plaintiff's high-quality reputation, and improperly appropriates to Second Chance the valuable goodwill of Plaintiff.

83. The aforesaid conduct by Second Chance constitutes a likelihood of injury to the business reputation of Plaintiff in violation of N.Y. Gen. Bus. Law. §360-l.

84. Plaintiff is entitled to judgment against Second Chance on the Fifth Cause of Action in an amount to be determined at trial, and if Second Chance's conduct is allowed to continue and is not enjoined, Plaintiff and their goodwill and reputation will continue to suffer immediate, substantial, ongoing and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

### As and for A Sixth Cause of Action By Plaintiff Against Second Chance

### (Common Law Trademark Infringement and Unfair Competition)

85. Plaintiffs repeats and realleges all prior allegations, as if fully set forth herein.

86. Plaintiff owns and uses the LAST CHANCE FUNDING Mark and enjoys common law rights in the State of New York and throughout the United States. Second Chance's activities as stated herein constitute unfair competition and trademark infringement of Plaintiff's common law trademark rights in the LAST CHANCE FUNDING Mark.

87. Second Chance's conduct alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

88. Plaintiff is entitled to judgment against Second Chance on the Sixth Cause of Action granting among other relief, injunctive relief and an award of actual damages, Second Chance's profits, enhanced damages and profits, if applicable, reasonable attorneys' fees, if applicable, and costs of the action together with prejudgment and post-judgment interest.

## As and for A Tenth Cause of Action By Plaintiff Against Second Chance

### (Declaratory Judgment)

89. Plaintiff repeats and realleges all prior allegations, as if fully set forth herein.

90. The LAST CHANCE FUNDING Mark is a valid trademark.

91. Last Chance is the owner of the LAST CHANCE FUNDING Mark.

92. Last Chance has invested substantial time, money and resources in marketing, advertising and promoting real estate development and promotional services offered under the LAST CHANCE FUNDING Mark, which have enormous goodwill and is invaluable assets to Last Chance. For the last 7 years Last Chance has invested substantial time, money and resources in the creation, development, production, marketing and sales of the LAST CHANCE FUNDING Mark. Last Chance advertises heavily on social media, and the content he creates is

regularly syndicated by trade publications and national newspapers. Last Chance has also created strong word-of-mouth buzz. These investments in sales, content, and advertising have created an exceptionally strong mark.

93. There is an actual controversy between the parties having adverse legal interest of sufficient immediacy in reality which warrants the issuance of a declaratory judgement.

94. Plaintiff has no adequate remedy in law.

**WHEREFORE**, Plaintiff requests judgment against Second Chance as follows:

1. Declare that the LAST CHANCE FUNDING Mark is a valid trademark.

2. Declare that Last Chance is the owner of the LAST CHANCE FUNDING Mark.

3. Declare that Second Chance has violated; Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

4. Declare that Second Chance has violated N.Y. GEN. BUS. §360-L, and N.Y. GEN. BUS. LAW §349 and committed common law trademark infringement and unfair competition.

5. Grant an injunction preliminarily and permanently enjoining Second Chance, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. manufacturing, distributing/providing, selling, marketing, advertising, promoting or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote any goods or services bearing the SECOND CHANCE FUNDING Mark or any other mark that is a counterfeit, copy,

       simulation, confusingly similar variation or colorable imitation of the SECOND CHANCE FUNDING Mark;

b. engaging in any activity that infringes Plaintiff's rights in the LAST CHANCE FUNDING Mark;

c. engaging in any activity constituting unfair competition with Plaintiffs;

d. engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's the LAST CHANCE FUNDING Mark;

e. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) the services provided by Second Chance are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Second Chance;

f. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, domain name, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the SECOND CHANCE FUNDING Mark or any other mark

     that infringes or is likely to be confused with the LAST CHANCE FUNDING Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

  h. aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

6. Order that Second Chance account to Plaintiff for Second Chance's profits and to pay any damages sustained by Plaintiff arising from the foregoing acts of unfair competition, fraud and unfair business practices.

7. Grant such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Second Chance are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

8. Award Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9. Direct that Second Chance account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10. Award Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

11. Declare that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Award Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

14. Plaintiff requests a trial by jury in the above captioned matter, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 21, 2018

    New York, New York

                                            Respectfully submitted,

                                            /s/ William R. Samuels

                                            William R. Samuels
                                            Scarinci Hollenbeck
                                            Attorney for Plaintiff